IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JEFF AND LINDSEY RAWLS**                                                                                      **PLAINTIFFS**

V.                                                NO. 4:23CV00728JM

**CMH HOMES, INC.;**
**FREEDOM HOMES ALEXANDER, ARKANSAS**
**JOHN DOE**                                                                                                                 **DEFENDANTS**

### ORDER

Pending is Defendants' motion to dismiss or in the alternative, to stay and compel arbitration. (Docket No. 6). Plaintiffs have filed a response and Defendants have filed a reply. For good cause shown, the motion to stay and compel arbitration is GRANTED.

In 2021, Plaintiffs purchased a new manufactured home from CMH Homes at its retail location in Alexander, Arkansas for $151,420.11. The home was constructed by CMH Manufacturing at its manufacturing facility in Savannah, Tennessee. Plaintiffs allege that not long after the home was delivered and installed on their property in Drew County, they discovered serious and material defects that significantly diminish the suitability and usability of the home. Plaintiffs filed suit in Drew County, Arkansas for breach of contract, breach of express warranty and breach of implied warranty. Defendants removed the case to this Court on August 4, 2023 on the basis of diversity of citizenship and now ask the Court to either dismiss the case or in the alternative, to stay and compel arbitration.

In connection with the purchase of the home, Jeff Rawls executed a Sales Agreement along with a Binding Dispute Resolution Agreement ("BDRA"). The BDRA, which is controlled by the Federal Arbitration Act ("FAA"), compels the Plaintiffs' claims against CMH Defendants to arbitration. The BDRA states: "[t]he Parties (defined below) agree to resolve all disputes pursuant to the terms of this Binding Dispute Resolution Agreement (the "Agreement").

. . . " The BDRA requires that all claims which cannot be settled through direct discussion and negotiation first be decided by mediation. (BDRA § C).  But, if mediation fails, "[t]he Parties agree to mandatory, binding arbitration ("Arbitration") of all Claims. . . . " (BDRA § D).

The Eighth Circuit has outlined the Court's role in determining whether to compel arbitration:  "We must determine simply whether the parties have entered a valid agreement to arbitrate and, if so, whether the existing dispute falls under the coverage of the agreement. Once we conclude that the parties have reached such an agreement, the FAA compels judicial enforcement of the arbitration agreement." *Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 680 (8th Cir. 2001)(internal citations omitted).   Plaintiffs, relying on Arkansas law, argue that the BDRA fails for lack of mutuality in that it expressly preserves judicial remedies for CMH but not for Plaintiffs.  Plaintiffs' contention that Arkansas law requiring mutuality within the arbitration paragraph itself is preempted by the FAA.  *See, Enderlin v. XM Satellite Radio Holdings, Inc.*, Case No. 4:06CV00320 GTE, 2008 WL 830262 (E.D. Ark. Mar. 25, 2008).   The Court finds that the parties have entered a valid agreement to arbitrate and that the current dispute falls under the coverage of the parties' arbitration agreement.

THEREFORE, the motion to compel arbitration is GRANTED, and the parties are directed to proceed to arbitration in accordance with the terms of their agreement.  This action is STAYED pending arbitration.  The parties are directed to provide the Court a status report upon completion of arbitration.  The Clerk of the Court is directed to administratively terminate this action pending the completion of arbitration.

It is so ordered this 14th day of November, 2023.

HONORABLE JAMES M. MOODY JR.
United States District Judge